UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHATHAN RAY HEAD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-13-00255-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 16, 17. Attorney Donald C. Bell represents Plaintiff, and Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On July 6, 2010, Plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning August 1, 2006. Tr. 22; 161. Plaintiff reported that he was unable to work due to depression. Tr. 151. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 86-119.

On December 27, 2011, ALJ Caroline Siderius held a hearing, at which

medical expert Donna Mary Veraldi, Ph.D., vocational expert Jenny Lawson, and Plaintiff, who was represented by counsel, testified. Tr. 38-85. On February 2, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 22-33. The Appeals Council declined review. Tr. 1-4. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. At the time of the third hearing, Plaintiff was 50 years old, lived with his sister and her husband in Monitor, Washington. Tr. 56-57. He completed most of the ninth grade, and later obtained a GED. Tr. 59.

He has worked in the fruit industry as a forklift driver, packing shed worker and general laborer. Tr. 54. Plaintiff said he quit his last job when he and co-workers were about to get into a fight, and he decided it would be better to walk away. Tr. 54. He testified that when he was working, he experienced pain in his back, left shoulder, and sometimes in his knee. Tr. 61.

Plaintiff testified that he is unable to work because his medications make him sleepy in the morning. Tr. 58. He said before he was on medication, he lacked energy and frequently felt fatigued, and that made him short-tempered. Tr. 58-59. He said that for every hour he works, he has to rest for about 35 to 40 minutes. Tr. 62. He testified that he typically rests three to four times per day. Tr. 62.

His daily activities include cutting wood for the stove, mowing the lawn, and snow shoveling. Tr. 55. Plaintiff recently obtained a driver's license, and he said now that he can drive, he plans to travel often to visit his son's family. Tr. 57.

Plaintiff testified that he can sit for 30 to 40 minutes, and maybe up to an hour, before his back starts aching. Tr. 64-65. He also testified that he typically has three or four bad days per week, during which he does not want to get out of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

bed. Tr. 66-67. He said he experiences anxiety when he is in a crowd of people. Tr. 67-68. He also said he finds it difficult to concentrate on reading or writing, and his memory is not good. Tr. 68.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971)*. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a),

416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 6, 2010, his application date. Tr. 24. At step two, the ALJ found Plaintiff suffered from the severe impairment of major depressive disorder. Tr. 24. At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 27. The ALJ found that the Plaintiff was able to perform a full range of work at all exertional levels, with the limitations that he should "avoid concentrated exposure to odors, gases, dust, or fumes. He is capable of work requiring 1-2 step tasks that is not complex. He is capable of superficial contact with the public and occasional contact with coworkers." Tr. 28. The ALJ found that Plaintiff is able to perform past relevant work, specifically forklift operator, produce sorter, and palletizer. Tr. 31. However, the ALJ noted that a question existed regarding whether the work met the Specific Vocational Preparation (SVP) for duration, in light of the fact Plaintiff's work was seasonal. Tr. 31. As a result, the ALJ proceeded to step five, and determined that

considering Plaintiff's age, education, work experience and residual functional capacity, job existed in significant numbers in the national economy that Plaintiff could have performed, such as stores laborer and agricultural packer . Tr. 32. As a result, the ALJ found that Plaintiff was not disabled. Tr. 32-33.

## ISSUES

Plaintiff contends that the ALJ erred by (1) improperly weighing the medical opinions; (2) finding he had little credibility; and (3) in his step four findings. ECF No. 16 at 13.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff contends that the ALJ erred by improperly rejecting the opinions of his treating and examining doctors, specifically Drs. Eric Olson, Julie A. Rickard, and James Goodwin, Psy.D. Plaintiff concludes that if these opinions were properly credited, the ALJ would have found that Plaintiff met Listing 12.04. ECF No. 16 at 15. As Defendant points out, "Plaintiff merely alleges but does not identify in his argument any particular opinions" by the physicians, "and he also does not provide any legal argument in support of his general assertion that the ALJ improperly rejected the opinions." ECF No. 17 at 5-6.

In Plaintiff's opening brief, the section addressing the alleged improper weighing of medical evidence provides no citation to the record, fails to identify issues or errors, and fails to explain how the ALJ erred.[1] In short, Plaintiff failed to

---

[1]Plaintiff's argument consisted of recitation of general case law related to weighing of medical opinions in social security disability cases, followed by conclusory sentences:

> Here, in the process of denying Mr. Head's claim, the ALJ improperly rejected the opinions of his treating doctors, particularly Drs. Eric Olson and Julie A. Rickard, as well as the examining opinions of James Goodwin, Psy.D. Had these

provide identification of specific issues and analysis related to the issues, and instead offered mere conclusions.

The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.,* 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and, therefore, will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed.*

---

> opinions been properly credited in accordance with *Lester*, the ALJ would have found Mr. Head met or equaled Listing 12.04. In the alternative, had these opinions been properly credited, the ALJ would have concluded Mr. Head was so limited physically and mentally that he would have been precluded from any prior past work and all work in the national economy. By disregarding this so-called treating physician rule, the ALJ erred. This error was not harmless.

ECF No. 16 at 15.

*Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court is unable to consider the issue of whether the ALJ erred in evaluating the medical evidence.

**B.     Credibility**

Plaintiff contends that the ALJ erred by finding Plaintiff had little credibility. ECF No. 16 at 16-18. Specifically, Plaintiff contends that the ALJ erred by (1) relying upon Dr. Goodwin's estimate that Plaintiff's limitations would last for a few months; (2) failing to identify the limitations of his back and shoulder impairment at the time he applied for benefits; and (3) by finding Plaintiff's limited daily activities contradicted his claims of impairment. ECF No. 16 at 16-18.

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039. Unless affirmative evidence exists indicating that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996). The ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998), quoting *Lester*, 81 F.3d at 834. If objective medical evidence exists of an underlying impairment, the ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991).

To determine whether the claimant's testimony regarding the severity of the symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the

claimant's daily activities. *See, e.g., Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989); *Bunnell*, 947 F.2d at 346-47.

### 1. Dr. Goodwin Opinion

The ALJ found that despite Plaintiff's claims of total disability, after each of three examinations, Dr. Goodwin assigned limitations for only a few months at a time. Tr. 30. Plaintiff contends the ALJ erred by improperly relying upon Dr. Goodwin's estimates because these were estimates only, and the record revealed Plaintiff's depression lasted more than a few months. ECF No. 16 at 17.

In order to be considered disabled, a disability must have either have lasted or be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 416.905(a). Plaintiff argued, without citation to authority, that three to six months was a mere estimate and therefore the ALJ was not entitled to rely upon an estimate. Such an argument is contrary to the governing regulations. Instead, Dr. Goodwin provided an opinion regarding the length of time Plaintiff's impairment would render him disabled, which was information that the ALJ was required to consider:

> Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.
>
> (b) How we consider medical opinions. In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive. See § 404.1520b.

20 C.F.R. § 404.1527(a)(2)-(b). Under the regulations, the ALJ was required to consider Dr. Goodwin's opinion regarding the length of time Plaintiff's limitations would leave him disabled. Dr. Goodwin's opinion revealed that Plaintiff's limitations were not expected to last at least 12 months and, thus, Plaintiff was not

Case 2:13-cv-00255-JTR   Document 19   Filed 06/23/14

disabled.  The ALJ did not err.

### 2) Back and Shoulder Impairments

In finding Plaintiff lacked credibility, the ALJ noted that Plaintiff testified to back, shoulder and knee pain that limited his ability to lift and carry, walk and sit, but he did not raise these complaints when he applied for benefits or with his treating medical providers.  Tr. 29-30.  Plaintiff contends that this "reasoning was improper" because the ALJ must conduct a de novo hearing.  ECF No. 16 at 17-18.

In analyzing credibility, the ALJ properly reviews the consistency of Plaintiff's reporting of symptoms:

> One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. The adjudicator must consider such factors as:
>
> …
>
> The consistency of the individual's own statements. The adjudicator must compare statements made by the individual in connection with his or her claim for disability benefits with statements he or she made under other circumstances, when such information is in the case record.  Especially important are statements made to treating or examining medical sources and to the "other sources" defined in 20 CFR 404.1513(e) and 416.913(e).

SSR 96-7p.

Contrary to the Plaintiff's position, the ALJ properly noted that Plaintiff's claims of disabling back and shoulder pain were not included in his original application, and significantly, he did not regularly seek treatment for pain.  Tr. 165; 240-80; 303-91. The ALJ properly relied upon this factor.

### 3. Daily activities

In determining a claimant's credibility, an ALJ may consider, among other factors, inconsistencies between the claimant's testimony and the claimant's daily activities. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  "If the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found that Plaintiff's reported activities are inconsistent with the alleged severity of his impairments. Tr. 30. Specifically, the ALJ cited that Plaintiff completed an out-patient program to get his driver's license back, visited relatives in other states, planned to travel more often after he obtained his driver's license, he planned to marry, and he helped care for his mother and his sister with household chores and yard work, including cutting wood, mowing, shoveling, odd jobs and cooking simple meals. Tr. 30. The record contains substantial evidence to support the ALJ's findings. See, e.g., Tr. 55, 57, 155-59. Moreover, Dr. Veraldi testified that after reviewing Plaintiff's medical records, she believed Plaintiff's depression had no significant impact on activities of daily living. Tr. 48. "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas,* 278 F.3d at 959.

Because the Plaintiff's reported daily activities are properly considered in determining credibility, and because substantial evidence supports the ALJ's conclusion, the Plaintiff's contention fails.

**C.    Step Four**

Plaintiff contends that the ALJ erred by relying upon a hypothetical that did not contain all of Plaintiff's limitations. ECF No. 16 at 18-19. Plaintiff argues that the ALJ failed to include limitations assessed by several medical providers. However, the court has not found that the ALJ erred in weighing the medical opinions, and as a result, the Plaintiff's argument fails. Restating plaintiff's argument fails to establish error at step four. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that

the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16,** is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED June 23, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11